

THE CITY OF NEW YORK

# LAW DEPARTMENT

100 CHURCH STREET
NEW YORK, NY 10007

ZACHARY W. CARTER
*Corporation Counsel*

LIZA J. SOHN
*Assistant Corporation Counsel*
(212) 356-2354
Fax: (212) 356-3509
lsohn@law.nyc.gov

December 29, 2014

**BY ECF**
Honorable Nina Gershon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: <u>Sebastian Delamota v. City of New York</u>
14-CV-5888-NG-RER

Your Honor:

I represent the defendants The City of New York, Queens County District Attorney Richard A. Brown, and Detective Bruce Koch in this matter. I write to request a pre-motion conference with regard to defendants' intended motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6).

Plaintiff was arrested for robbery on January 17, 2007 after the complaining victim, Juan Hernandez, identified him as the robber in a photo array. Compl., ¶¶ 2,  Plaintiff was indicted, convicted at trial, and sentenced to 10 years of incarceration. Compl., ¶¶18-20. Plaintiff's motion to set aside his conviction and for a new trial was denied by the trial court, and the Appellate Division. Compl., ¶¶ 21, 23. The Court of Appeals reversed, holding that the photo array should have been suppressed and ordered a new trial. <u>People v. Delamota</u>, 960 N.E.2d 383, 391 (2011). Plaintiff is now suing the City, DA Brown, ADA Scotty,[1] and Det. Koch under §1983 for false arrest, malicious prosecution and related claims,  The gravamen of plaintiff's claims is that plaintiff's arrest and prosecution were tainted because Det. Koch and ADA Scotty improperly used the complaining victim's son as a Spanish interpreter for the photo array. Compl., ¶¶ 12, 25, 34-45.

The § 1983 claims against DA Brown should be dismissed because the Eleventh

---

[1] This office does not currently represent ADA Scotty who has not yet been served.

Amendment divests this Court of subject matter jurisdiction over any claim for money damages against a state actor in his official capacity, Kentucky v. Graham, 473 U.S. 159, 169 (1985), and "[w]hen prosecuting a criminal matter, a district attorney in New York State, acting in a quasi-judicial capacity, represents the State not the county." Ying Jing Gan v. City of New York, 996 F.2d 522, 536 (2d Cir. 1993) (internal quotes and citation omitted).  To the extent that plaintiff is suing DA Brown in his individual capacity, the complaint must be dismissed for lack of personal involvement.  Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009); McCoy v. Goord, 255 F. Supp. 2d 233, 258 (S.D.N.Y. 2003) ("[W]here the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted.") (quotation marks and citations omitted).

Plaintiff's claims against ADA Scotty based on his alleged withholding of information regarding the photo array, the use of the complainant's son as an interpreter, and whether Juan Jr. knew plaintiff, Compl., ¶¶ 44-46, must be dismissed based on absolute prosecutorial immunity. Absolute immunity extends to "prosecutorial actions that are 'intimately associated with the judicial phase of the criminal process.'" Van de Kamp v. Goldstein, 129 S. Ct. 855, 860 (2009) (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976)).  Those activities include "the professional evaluation of the evidence assembled by the police" and preparing for their "presentation at trial or before a grand jury after a decision to seek an indictment has been made."  Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993).

Plaintiff's claims against ADA Scotty and Det. Brown based on the alleged tainted lineup must also be dismissed as they would be entitled to qualified immunity.  Courts consistently grant qualified immunity where police act on the basis of information from a complaining victim or eyewitness.  See, e.g., Gaston v. City of New York, 851 F. Supp. 2d 780, 795-96 (S.D.N.Y. 2012) (finding that officers were protected by qualified immunity when they arrested the plaintiff based on the victim's identification of the plaintiff in a photo array and lineup, regardless of other discrepancies in the victim's statement).  Further, ADA Scotty and Det. Brown would be entitled to qualified immunity for their decision to use the complaining victim's son as a Spanish interpreter. Simply put, at least five judges found this conduct to be proper.[2]  Surely, ADA Scotty and Det. Brown cannot be held to a higher standard. Cf. Terebesi v. Torreso, 764 F.3d 217, 233 (2d Cir. 2014) ("It is difficult to ask that a police officer identify clearly established law three judges of this Court could not find.").

Plaintiff's malicious prosecution and related claims must be dismissed because plaintiff cannot overcome the presumption of probable cause created by the indictment. Colon v. City of New York, 60 N.Y.2d 78, 83 (1983).  Further, "[w]here an intervening decision-maker has permitted the admission of eyewitness testimony resulting from suggestive identification procedures, in order to preserve causality a plaintiff must prove that the 'wrongdoer misled or coerced the intervening decision-maker.'"  Newton v. City of New York, 07 Civ. 6211 (SAS)

---

[2] See, People v. Delamota, 18 Misc. 3d 1130A, 859 N.Y.S.2d 905 (Sup. Ct., Queens Co., 2008); People v. Delamota, 74 A.D.3d 1225, 905 N.Y.S.2d 621 (2d Dep't 2010).

640 F. Supp. 2d 426, 441 (S.D.N.Y. 2009), citing Wray v. City of New York, 490 F.3d 189, 194 (2d Cir. 2007). Here, plaintiff claims the photo array was unduly suggestive because the complainant's son, who may have been familiar with plaintiff, was the interpreter. However, even assuming arguendo that the photo array was suggestive, Det. Koch's decision to request that the son interpret for the complainant was not the proximate cause of the plaintiff's alleged deprivation of liberty. Other actors intervened, including the judge overseeing the Wade hearing, who declined to suppress testimony regarding the photo array, and the trial judge, who decided not to re-open the Wade hearing after Hernandez, Jr.'s testimony. Neither can plaintiff recover against Det. Koch based on a Brady violation because "'the police satisfy their obligations under Brady when they turn exculpatory evidence over to the prosecutors." Vasquez v. City of New York, 2014 U.S. Dist. LEXIS 157259, 24-25 (S.D.N.Y. Nov. 6, 2014) citing Walker v. City of New York, 974 F.2d 293, 299 (2d Cir. 1992).

Plaintiff's prolonged detention claim must be dismissed because it did not stem "directly from the refusal to investigate available exculpatory evidence." Lundt v. City of New York, 12 Civ. 1737 (DLC) 2013 U.S. Dist. LEXIS 134958, 8 (S.D.N.Y. September 13, 2013. Plaintiff's Fourteenth Amendment claims must be dismissed as these claims are subsumed by his claims for false arrest and malicious prosecution under the Fourth Amendment. See Albright v. Oliver, 510 U.S. 266, 273 (1994) (plurality opinion)("Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims"). Plaintiff's false arrest claim is time-barred. Wallace v. Kato, 549 U.S. 384 (2007).

Finally, plaintiff's municipal liability claim against the City based on police practices or procedures, Compl., ¶ 199, must be dismissed for failure to allege any specific facts other than conclusory allegations, and plaintiff's claim against the City based on the district attorney practices and procedures, Compl., ¶ 202, must be dismissed because they are prosecutorial in nature as well as conclusory. Jones v. City of New York, 988 F. Supp. 2d 305, 314-317 (E.D.N.Y. 2013)

On these (and other) grounds, defendants believe they have a good faith basis on which to move to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and, accordingly, respectfully request that the Court schedule a pre-motion conference. I thank the Court for its time and consideration of this matter.

                                                        Respectfully submitted,

                                                        ___/s/_____

                                                        Liza Sohn
                                                        Assistant Corporation Counsel
                                                        Special Federal Litigation Division

cc:    Richard Gross                 Via ECF
        Rose M. Weber