14 Civ. 5888 (NG)(RER)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SEBASTIAN DELAMOTA,

Plaintiff,

-against-

CITY OF NEW YORK AND DETECTIVE KOCH,

Defendants.

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants The City of New York*
*and Det. Koch*
*100 Church Street*
*New York, New York  10007*

*Of Counsel:  Barry Myrvold and Liza Sohn*
*Tel:  (212) 356-2354*
*Matter No.:  2014-036827*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ......................................................................................... iii

PRELIMINARY STATEMENT ................................................................................... 1

       POINT I

           THE   MALICIOUS   PROSECUTION   CLAIM
           MUST BE DISMISSED ............................................................... 1

       POINT II

           PLAINTIFF FAILS TO PLEAD A CONSPIRACY
           CLAIM ....................................................................................... 4

       POINT III

           BROWN      AND      SCOTTI      HAVE
           PROSECUTORIAL IMMUNITY ............................................... 5

       POINT IV

           KOCH  AND  SCOTTI  ARE  ENTITLED  TO
           QUALIFIED IMMUNITY .......................................................... 7

       POINT V

           PLAINTIFF'S     UNDULY     SUGGESTIVE
           IDENTIFICATION CLAIM IS MERITLESS .......................... 9

       POINT VI

           PLAINTIFF'S  DENIAL  OF  RIGHT  TO  FAIR
           TRIAL/FABRICATION  OF  EVIDENCE  CLAIM
           MUST BE DISMISSED ............................................................. 10

       POINT VII

           THE FAILURE TO INTERVENE CLAIM MUST
           BE DISMISSED ........................................................................ 11

       POINT VIII

           PLAINTIFF HAS FAILED TO PLEAD A BRADY
           VIOLATION .............................................................................. 12

**Page**

POINT IX

      PLAINTIFF  FAILS  TO  PLEAD  A  MONELL
      CLAIM ............................................................................................. 13

CONCLUSION .............................................................................................................. 15

## TABLE OF AUTHORITIES

**Cases**                                                                                                     **Pages**

Arma v. Buyseasons, Inc.,
   591 F. Supp. 2d 637 (S.D.N.Y. 2008) ...................................................................................... 7

Ashcroft v. Iqbal,
   556 U.S. 662 (2009) .............................................................................................. 5, 6, 13

Bell Atlantic Corp. v. Twombly,
   550 U.S. 544 (2007) .................................................................................................. 5, 13

Bermudez v. City of New York,
   2015 U.S. App. LEXIS 10070 (2d Cir. June 15, 2015) ........................................................ 1, 8

Bermudez v. City of New York,
   No. 11-cv-750-LAP, 2013 U.S. Dist. LEXIS 20371 (S.D.N.Y. Feb. 13, 2013) ....................5-6

Briscoe v. LaHue,
   460 U.S. 325 (1983) .................................................................................................... 10

Brown v. City of New York,
   No. 14-CV-5372 (BMC), 2014 U.S. Dist. LEXIS 181736 (E.D.N.Y. Dec. 23, 2014) ............ 11

Coakley v. 42nd Precinct Case 458,
   No. 08-cv-6206-JSR, 2009 U.S. Dist. LEXIS 89372 (S.D.N.Y. Sept. 28, 2009) ...................... 6

Ellis v. Chao,
   336 F.3d 114 (2d Cir. 2003) ........................................................................................ 14

Garrett v. City of New York,
   10 Civ. 2689 (JGK), 2011 U.S. Dist. LEXIS 109465 (S.D.N.Y. Sept. 26, 2011) .................... 2

Gil v. County of Suffolk,
   590 F. Supp. 2d 360 (E.D.N.Y. 2008) ............................................................................ 3

Gonzalez v. The City of New York,
   No. 02 Civ. 4055 (BSJ) (KNF),
   2005 U.S. Dist. LEXIS 20645 (S.D.N.Y. Sept. 16, 2005) .................................................... 3

Horvath v. City of New York,
   12 CV 6005 (RJD) (JMA), 2015 U.S. Dist. LEXIS 51029 (E.D.N.Y. Apr. 17, 2015) .......... 11

Imbler v. Patchman,
   424 U.S. 409 (1976) .................................................................................................... 6

**Cases**                                                                                              **Pages**

Jocks v. Tavernier,
   316 F.3d 128 (2d Cir. N.Y. 2003) ............................................................................... 8, 11

Jones v. City of New York,
   No. 12-CV-3658 (JG), 2013 U.S. Dist. LEXIS 162235 (E.D.N.Y. Nov. 14, 2013),
   vacated on other grounds, 2015 U.S. App. LEXIS 3392 (2d Cir. Mar. 4, 2015) ................... 11

Jovanovic v. City of New York,
   486 Fed. Appx. 149 (2d Cir. 2012) ..................................................................... 10-11

Malley v. Briggs,
   475 U.S. 335 (1986) ............................................................................................. 7

Massey v. Fischer,
   No. 02-cv-10281-LTS-MHD,
   2004 U.S. Dist. LEXIS 17023 (S.D.N.Y. Aug. 26, 2004) ........................................... 6

Newton v. City of New York,
   640 F. Supp. 2d 426 (S.D.N.Y. 2009) ..................................................................... 3

Norwood v. Mason,
   No. 12-2506-cv, 2013 U.S. App. LEXIS 9665 (2d Cir. May 14, 2013) ............................ 3

O'Brien v. City of Yonkers,
   No. 07-CV-3974 (KMK) (LMS),
   2013 U.S. Dist. LEXIS 43551 (S.D.N.Y. Mar. 22, 2013) ........................................... 3

People v. Delamota,
   18 N.Y.3d 107, 936 N.Y.S.2d 614 (2011) .......................................................... 8, 13

Perfetto v. City of New York,
   14 Civ. 2682 (ILG) (RML), 2015 U.S. Dist. LEXIS 16658 (E.D.N.Y. Feb. 11, 2015) ........... 5

Rehberg v. Paulk,
   132 S. Ct. 1497, 182 L. Ed. 2d 593 (2012) ............................................................ 10

Reid v. Ingerman Smith LLP,
   876 F. Supp. 2d 176 (E.D.N.Y. 2012) ........................................................... 6, 11, 12

Ricciuti v. New York City Transit Authority,
   124 F.3d 123 (2d Cir. 1997) ......................................................................... 10, 11

Simms v. City of New York,
   480 Fed. Appx. 627 (2d Cir. 2012) ...................................................................... 14

**Cases**                                                                        **Pages**

Stansbury v. Wertman,
   721 F.3d 84 (2d Cir. 2013).......................................................................... 3

Virgil v. Town of Gates,
   455 Fed. Appx. 36 (2d Cir. 2012)............................................................... 3

Wims v. N.Y.C. Police Dep't,
   No. 10-cv-6128 (PKC), 2011 U.S. Dist. LEXIS 78641 (S.D.N.Y. July 20, 2011) ................. 9

Wray v. City of New York,
   490 F.3d 189 (2d Cir. 2007).......................................................................... 9

Wu v. City of New York,
   934 F. Supp. 581 (S.D.N.Y. 1996)................................................................. 2

Yang Feng Zhao v. City of New York,
   656 F. Supp. 2d 375 (S.D.N.Y. 2009)............................................................ 3

Zalaski v. City of Hartford,
   723 F.3d 382 (2d Cir. 2013).......................................................................... 8

**Statutes**

§ 1983............................................................................................................ 7, 9

Fed. R. Civ. P. 12(b)(6)............................................................................... 15

## PRELIMINARY STATEMENT

Plaintiff concedes that his claim for false arrest is time-barred. Plaintiff's attempt to bolster his complaint with case law, a letter from the Queens County DA's Office, and a prior complaint against Koch are insufficient because despite his arguments, plaintiff still fails to identify exculpatory evidence Koch withheld, foreclosing both the Brady and Monell claims, and because Koch and Scotti are entitled to qualified immunity. Brown and Scott are also entitled to prosecutorial immunity. Further, plaintiff's opposition does not address defendants' argument that probable cause for the prosecution exists based on the presumption of probable cause created by the indictment. Moreover, plaintiff's conspiracy claim is dismissible because plaintiff has failed to plead that there was an agreement between Koch, Scotti, and the victim's son, to violate plaintiff's rights. Plaintiff's complaint should be dismissed in its entirety.

## POINT I

## THE MALICIOUS PROSECUTION CLAIM MUST BE DISMISSED

Plaintiff fails to respond to, or even address, defendants' motion to dismiss the malicious prosecution claim based on the presumption of probable cause created by the grand jury indictment. See Defendants' Memorandum ("DBr"), at pp. 8-10. And, as demonstrated in defendants' moving papers, the complaint is utterly devoid of any allegations that the indictment "was the product of fraud, perjury, the suppression of evidence by the police, or other police conduct undertaken in bad faith." Bermudez v. City of New York, 2015 U.S. App. LEXIS 10070, at *20 (2d Cir. June 15, 2015) (citations and quotations omitted). Rather, the complaint merely alleges in a conclusory fashion that Koch withheld information from the grand jury regarding the "unduly suggestive nature of the photo array", "the use of the vicim's son as an interpreter," and the "likelihood that [the son] knew plaintiff." Sohn Decl, Ex. A (Complaint), ¶¶

40-42.  But these bare allegations, even if true, do not constitute concrete evidence that raise doubts as to Koch's veracity.  See, DBr, at 9 n.6.

Plaintiff cites to Wu v. City of New York, 934 F. Supp. 581 (S.D.N.Y. 1996) and other cases for the proposition that uncorroborated allegations by an eyewitness or victim do not establish probable cause for an arrest absent investigation and corroboration. Plaintiff's Memorandum ("PBr"), at 10-11.  There are two significant problems with this argument.  First, the issue here is not whether there was probable cause to arrest plaintiff,[1] but is whether there was probable cause to prosecute plaintiff.  And, here, there was probable cause to prosecute based on the later line-up identification of plaintiff that was done by Koch in the presence of the prosecutor Scotti.  See, Gross Decl, Ex. C.  Garrett v. City of New York, 10 Civ. 2689 (JGK), 2011 U.S. Dist. LEXIS 109465 at *13 (S.D.N.Y. Sept. 26, 2011) ("The fact that the victim identified the plaintiff in a photo array and a line-up gave [the detective] probable cause to arrest the plaintiff.").  Second, the Wu case merely reaffirms the law in this Circuit that "it is well-established that a law enforcement official has probable cause to arrest if he received his information from some person, normally the putative victim or eyewitness, who it seems reasonable to believe is telling the truth."  Wu, 934 F. Supp. at 587. Alternatively, even emphasizing the court's language that the law "stresses the importance of investigation and corroboration," Id., plaintiff's argument would still fail. The Court refused to find probable cause in Wu because there the arrest was made pursuant to a single account by the putative victim whose story plainly contradicted the facts presented to the officers at the scene, and whose version of events the arresting officers did not even dispute was untrue. Id. at 584-85, 588-89. Here, however, the victim identified plaintiff in both the photo array and the line-up.  Moreover,

---

[1] Plaintiff concedes his false arrest claim is time-barred.  PBr, at 1.

the courts that cite to the language quoted from Wu do so to stress the importance of investigation when police are confronted with "plainly exculpatory "evidence" or "significant evidentiary gaps or uncertainties." See, e.g., Yang Feng Zhao v. City of New York, 656 F. Supp. 2d 375, 386 (S.D.N.Y. 2009). Here, however, the victim's identification was not significantly uncertain, and plaintiff does not allege that plainly exculpatory evidence existed, or that Koch had reason to doubt the victim.

While it is true that a victim's identification of an assailant is sufficient by itself to establish probable cause for arrest "absent circumstances that raise doubts as to the victim's veracity," Virgil v. Town of Gates, 455 Fed. Appx. 36, 38 (2d Cir. 2012), there is no evidence here suggesting that the victim was incredible or somehow not to be believed. A law enforcement official has probable cause to arrest when he receives information which "seems reasonable to believe is . . . the truth." Gonzalez v. The City of New York, No. 02 Civ. 4055 (BSJ) (KNF), 2005 U.S. Dist. LEXIS 20645, at *14 (S.D.N.Y. Sept. 16, 2005). Because there is no objective evidence that Koch had any reason to doubt the victim's veracity, he had probable cause to arrest plaintiff based upon the victim's assertions.[2]   Accordingly, plaintiff's malicious prosecution claim against Koch should be dismissed.[3]

---

[2] Plaintiff attempts to raise an issue of fact regarding the ability of the victim to make an accurate identification based on the purported discrepancies between plaintiff's appearance and the victim's physical descriptions of plaintiff, but these discrepancies are not enough to demonstrate the absence of probable cause to prosecute plaintiff.  "New York courts routinely hold that a victim's photo identification of a person provides the police with probable cause to arrest that person, even where the identification may not be 100% reliable." Norwood v. Mason, No. 12-2506-cv, 2013 U.S. App. LEXIS 9665, at *5-6 (2d Cir. May 14, 2013).  See, also, Gil v. County of Suffolk, 590 F. Supp. 2d 360, 363-4 (E.D.N.Y. 2008); O'Brien v. City of Yonkers, No. 07-CV-3974 (KMK) (LMS), 2013 U.S. Dist. LEXIS 43551, *40 (S.D.N.Y. Mar. 22, 2013); Newton v. City of New York, 640 F. Supp. 2d 426, 446 (S.D.N.Y. 2009); Stansbury v. Wertman, 721 F.3d 84, 94 (2d Cir. 2013).   Here, Koch had no reason to doubt the victim's positive identifications notwithstanding the discrepancies between his descriptions of his attacker's age

## POINT II

## PLAINTIFF FAILS TO PLEAD A CONSPIRACY CLAIM

Here, plaintiff alleges independent acts of Koch, Scotti, and Juan Hernandez, Jr., but fails to allege that they acted together in agreement. Without a "meeting of the minds," the alleged misconduct does not amount to a conspiracy. As plaintiff fails to allege this critical element of a conspiracy claim, it should be dismissed.

As demonstrated in defendants' moving papers, plaintiff's bare bones and conclusory conspiracy allegations fail to state a plausible claim. DBr, at 10-11. Plaintiff now asserts that he has asserted such a claim because "[if] either Koch or Scotti were aware, prior to the presentation before the grand jury or even prior to trial, that [the son] in fact knew Delamota and purposely withheld this information, that would be sufficient to establish a *prima facie* case for conspiracy." PBr, at 15-16. But again, plaintiff utterly fails to allege that Koch, Scotti, and the son agreed to withhold this information in order to violate plaintiff's constitutional rights. Moreover, plaintiff's argument is speculative because  Koch testified-- and it is undisputed-- that the son told him he did not know plaintiff. The idea that the son could be familiar with plaintiff was not a new idea either: plaintiff's defense counsel raised the possibility of the son's familiarity with plaintiff and questioned Koch about it at the <u>Wade</u> hearing.[4] Thus there was no exculpatory evidence that was not known to all the parties in the months prior to trial.

---

and physical appearance because he was not a trained observer and had undergone a traumatic event.

[3] The malicious prosecution claim against Scotti must be dismissed against Scotti based on prosecutorial immunity as demonstrated in Point III below.

[4] The complete transcript of the <u>Wade</u> hearing is attached to the supplemental declaration of Liza Sohn Decl. as Ex. G.

Plaintiff further argues that the photo array and lineup constitute acts in furtherance of the conspiracy between Koch, Scotti, and the son.  PBr, at 16.  With respect to the lineup, plaintiff does not allege that it was improper.  Koch's and Scotti's presence at a lawful line-up, then, is insufficient to allege their involvement in a conspiracy because they were merely carrying out their responsibilities. Speculative assertions that there may have been an agreement fall far short of the requirement that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  As plaintiff has failed to allege specific conduct suggesting a conspiracy, this claim should be dismissed.

## POINT III

### BROWN AND SCOTTI HAVE PROSECUTORIAL IMMUNITY

Plaintiff opposes the motion to dismiss the claims against Brown based on prosecutorial immunity ("PI") because he is suing Brown in his "official or representative capacity as a local policymaker," under a Monell theory of liability.  PBr, at 17-18.  Since plaintiff is only suing Brown in his official capacity, this claim must be dismissed based on sovereign immunity (Eleventh Amendment), DBr, at 16, or as duplicative of his Monell claim against the City.[5] Perfetto v. City of New York, 14 Civ. 2682 (ILG) (RML), 2015 U.S. Dist. LEXIS 16658, at *6-7 (E.D.N.Y. Feb. 11, 2015).

Plaintiff argues that Scotti is not entitled to PI because he was acting in an investigative, rather than a prosecutorial capacity, because he participated in the precinct line-up.  PBr, at 19-20.  But, as Chief Judge Preska determined in Bermudez v. City of New York, No. 11-cv-750-

---

[5] The Monell claim based on policies or practices in the QCDAO also should be dismissed for the reasons set forth in Point IX below.

LAP, 2013 U.S. Dist. LEXIS 20371, at *16-19 (S.D.N.Y. Feb. 13, 2013), participation in an allegedly tainted post-arrest lineup does not defeat a prosecutor's entitlement to PI. See also, Coakley v. 42nd Precinct Case 458, No. 08-cv-6206-JSR, 2009 U.S. Dist. LEXIS 89372, at *27 (S.D.N.Y. Sept. 28, 2009) (categorizing a prosecutor's attending a lineup as among those actions "intimately associated with the judicial phase of the criminal process" (quoting Imbler v. Patchman, 424 U.S. 409, 430-31 (1976)). Like the plaintiff in Bermudez, the plaintiff here had already been arrested before the line-up was conducted, Gross Decl, Ex. C, plaintiff fails to plead any facts, apart from labeling Scotti as acting in an "investigatory capacity" or asserting in a conclusory fashion that Scotti was the "riding ADA," from which it could be inferred that Scotti was acting outside of his role as a State prosecutor when the line-up was conducted.  DBr, at 14-15.  Further, there are no allegations, whatsoever, that the line-up itself was tainted or that Scotti participated in the allegedly tainted photo array.[6] See generally, Sohn Decl., Ex. A (Complaint).[7] Accordingly, all claims against Brown and Scotti must be dismissed based on PI.

---

[6] Plaintiff also argues in a conclusory fashion that "as part of the conspiracy … Scotti conferred with … Koch and participated in the photo array to 'rectify' the unduly suggestive nature of the first photo array," PBr, at 20, and that plaintiff should be permitted discovery to determine the "full nature of … Scotti's involvement and any potentially applicable PI defense" but these arguments should be rejected. First, the Court should not consider the conclusory conspiracy claim asserted for the first time in plaintiff's memorandum.  Massey v. Fischer, No. 02-cv-10281-LTS-MHD, 2004 U.S. Dist. LEXIS 17023, at *9-10 (S.D.N.Y. Aug. 26, 2004) ("In general, a court may not look outside the pleadings when reviewing a Rule 12(b)(6) motion to dismiss.") (internal quotation marks and citations omitted).  And, second, plaintiff's claim that he should be permitted to conduct discovery on this claim should be denied because a pleading that does nothing more than recite bare legal conclusions is insufficient to "unlock the doors of discovery." Ashcroft v. Iqbal, 556 U.S. 662, 678-679 (2009).  Further, as demonstrated below, Point II, plaintiff's conspiracy claim, even with this new assertion in plaintiff's opposition, is conclusory.

[7] Plaintiff fails to respond to defendants' motion to dismiss the claims against Brown in his individual capacity or to defendants' motion to dismiss the claims against Scotti based on his post-line-up acts, DBr, at 13-16, and, as such, these claims must be dismissed against them as abandoned.  Reid v. Ingerman Smith LLP, 876 F. Supp. 2d 176, 186 (E.D.N.Y. 2012) ("This [c]ourt may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a

**POINT IV**

**KOCH  AND  SCOTTI  ARE  ENTITLED  TO
QUALIFIED IMMUNITY**

In their moving papers, defendants argued, and it is respectfully submitted demonstrated, that Koch is entitled to qualified immunity ("QI") because it was not "clearly established" in January 2007 that Koch's use of a family member as a translator for the photo array rendered the photo array suggestive in violation of plaintiff's due process rights.  DBr, at 18-20.  Defendants focused their analysis on this aspect of the criminal case because this was the gravamen of the complaint in this case and the focus of the trial and appeals in the underlying criminal case.  DBr, at 18.  Plaintiff doesn't point to any Supreme Court or Second Circuit law establishing the contrary – that it was clearly established the photo array was unconstitutionally suggestive, because there isn't any. PBr, at 21-23.  Rather, plaintiff points to a complaint in a § 1983 lawsuit against Koch arising out of a prior lineup that alleges, *inter alia*, that did not use a translator for a photo array, see PBr, at 21, 23, but an unsubstantiated allegation in a civil complaint does not demonstrate this issue was clearly established as of January 2007.  Similarly, the later N.Y.S. Court of Appeals decision does not demonstrate this either.

Further, Koch is entitled to QI because reasonably competent officers could disagree on the legality of Koch's actions.  "[E]ven if a right is clearly established in certain respects, [QI] will still shield an officer from liability if 'officers of reasonable competence could disagree' on the legality of the action at issue in its particular factual context." Zalaski v. City of Hartford, 723 F.3d 382, 389 (2d Cir. 2013) (quoting Malley v. Briggs, 475 U.S. 335, 341 (1986)).  Here, before Koch used the complaining victim's son as a translator for the photo array, he asked him

---

defendant's arguments that the claim should be dismissed") (quoting Arma v. Buyseasons, Inc., 591 F. Supp. 2d 637, 643 (S.D.N.Y. 2008).

if he knew plaintiff, and the son assured him that he did not.[8]  People v. Delamota, 18 N.Y.3d 107, 112, 936 N.Y.S.2d 614 (2011).   Koch's use of what he believed was an apparently disinterested family member as a translator clearly falls within the zone of "reasonable but mistaken judgments" entitling him to QI.  Further, contrary to plaintiff's arguments, PBr, at 21-22, officers of reasonable competence could disagree on whether there was probable cause to arrest plaintiff based on the photo array identification.  The N.Y.S. Court of appeals held that the factors such as the detective's reliance on "unspecified neighborhood gossip" "may not have established the requisite level of suggestiveness."   Delamota, 18 N.Y.3d at 118.   And once probable cause is established, there is no duty to investigate further.  Jocks v. Tavernier, 316 F.3d 128, at *135-136 (2d Cir. N.Y. 2003).

Finally, plaintiff points to the Second Circuit decision in Bermudez v. City of New York, 2015 U.S. App. LEXIS 10070 (2d Cir. June 15, 2015) to argue that QI is not available here.  PBr, at 23.   The Second Circuit denied QI in that case, but the facts in that case were far more egregious entailing multiple errors in the photographic identification and witness coercion. Bermudez, 2015 U.S. App. 10070, at *6, 9-10, 17 n.3.  As such, plaintiff's claims against Koch must be dismissed based on QI.  Plaintiff argues that Scotti is not entitled to QI because he "knowingly violated the law" when he employed identification procedures that the Court of Appeals said were unduly suggestive.  PBr, at 24.  The problem with this argument is that plaintiff does not allege that Scotti had any involvement in the photo array (he was only involved in the post-arrest line-up), and as such the claims against Scotti, to the extent they are premised

---

[8] At the trial, the son revealed that he had known plaintiff for "[a] long time" before the robbery. Id.  Based on this revelation, plaintiff moved to re-open the Wade hearing, but the motion was denied.  Id.  The Court of Appeals determined that the trial court erred when it denied the motion to reopen the Wade hearing, after the son revealed that he knew plaintiff, and not simply because Koch used the son as a translator.  Delamota, 18 N.Y.3d at 118.

on the photo identification must be dismissed for lack of personal involvement before reaching

the issue of QI.  And, if Scotti were involved in the photographic identification, then the claims

against him should be dismissed for the same reasons Koch is entitled to QI – it was not clearly

established and prosecutors of reasonable competence could disagree on this since even the state

judges could not agree on this. Accordingly the claims against Scotti must be dismissed based on

QI.

## POINT V

### PLAINTIFF'S    UNDULY    SUGGESTIVE    IDENTIFICATION CLAIM IS MERITLESS

To make out a claim for an unduly suggestive identification plaintiff must allege more

than the identification was unduly suggestive, but that Koch misled prosecutors (and the court)

about the reliability of the identification.  Wray v. City of New York, 490 F.3d 189, 193-95 (2d

Cir. 2007) (affirming dismissal of a section 1983 claim for an unduly suggestive identification

where "there [was] no allegation that [the officer] misled the persons whose acts effected the

constitutional violation").  In his opposition, plaintiff simply argues that since the Court of

Appeals found that the identification was unduly suggestive, plaintiff is entitled "to judgment on

this claim as a matter of law."  PBr, at 25.  This is simply incorrect.  Further, as demonstrated in

defendants' moving papers, the boilerplate allegations in the complaint fail to allege that Koch

mislead the prosecutors or the Court, DBr at 22, and as demonstrated by the Wade hearing

transcript[9] was forthright that he identified plaintiff based on the victim's son neighborhood

information, Sohn Decl, Ex. E, at 10, that he used the son as a translator for the photo array, Id.,

at 14-16, that the victim told him that his assailant was a male Hispanic about 5'6" and 140

---

[9] The Court may take judicial notice of the Wade hearing minutes, which are public records; they are also integral to the complaint.  See Wims v. N.Y.C. Police Dep't, No. 10-cv-6128 (PKC), 2011 U.S. Dist. LEXIS 78641 (S.D.N.Y. July 20, 2011).

pounds, Id., at 28, and that the son never told him that he knew plaintiff.  Id., at 33.  Koch did not mislead anyone about the identification.  As such, this claim must be dismissed.

**POINT VI**

**PLAINTIFF'S DENIAL OF RIGHT TO FAIR TRIAL/FABRICATION OF EVIDENCE CLAIM MUST BE DISMISSED**

In opposition to defendants' motion, plaintiff now characterizes his fourth cause of action (denial of procedural and substantive due process), see Sohn Decl, Ex. A (Complaint), ¶¶ 130-135, as a denial of right to fair trial/fabrication of evidence claim.  PBr, at 26.  Regardless of how plaintiff chooses to characterize this claim, it should still be dismissed.  As a procedural or substantive due process claim, as pled, it should be dismissed for the reasons set forth in defendants' moving papers to which plaintiff has elected not to address, let alone oppose.  See DBr, at 21-22. Even as a denial of right to fair trial claim it should be dismissed.

First, plaintiff's complaint utterly fails to identify the allegedly fabricated evidence. Rather, in a bare bones conclusory fashion, he simply alleges that defendants "fabricat[ed] an account and/or evidence concerning the arrest of plaintiff; with[eld] exculpatory evidence, employ[ed] unduly suggestive identification procedures; fail[ed] to properly investigate the circumstances of the crime of which plaintiff was wrongfully accused and in knowingly accusing plaintiff of a crime."  Sohn Decl, Ex. A (Complaint), ¶ 133.  The complaint is otherwise completely devoid of any specific allegations identifying the evidence that was allegedly fabricated here, let alone that the allegedly fabricated evidence was material - i.e., "likely to influence a jury's decision." Ricciuti v. New York City Transit Auth., 124 F.3d 123, 130 (2d Cir. 1997).  Further, to the extent that the allegedly fabricated evidence is testimonial, Koch is entitled to absolute immunity.  See Rehberg v. Paulk, 132 S. Ct. 1497, 1505, 182 L. Ed. 2d 593 (2012); Briscoe v. LaHue, 460 U.S. 325, 335 (1983); Jovanovic v. City of New York, 486 Fed.

10

Appx. 149, 152 (2d Cir. 2012) (dismissing a fair trial claim where "the only avenue by which the [allegedly false evidence] could reach the jury was through [the office's] testimony, for which he enjoys absolute immunity").

Second, any alleged false statements by Koch to the district attorney, or in the arrest paperwork and criminal court complaint "would never even get to a jury—it would amount to inadmissible hearsay—a far cry from the alleged false confessions at issue" in the cases in which fabrications claims were pled or proven. Jones v. City of New York, No. 12-CV-3658 (JG), 2013 U.S. Dist. LEXIS 162235, at *29 (E.D.N.Y. Nov. 14, 2013), vacated on other grounds, 2015 U.S. App. LEXIS 3392 (2d Cir. Mar. 4, 2015) (citing Ricciuti, 124 F.3d at 130; Jocks v. Tavernier, 316 F.3d 128, 138 (2d Cir. 2003)); Brown v. City of New York, No. 14-CV-5372 (BMC), 2014 U.S. Dist. LEXIS 181736, at *9-10 (E.D.N.Y. Dec. 23, 2014); Horvath v. City of New York, 12 CV 6005 (RJD) (JMA), 2015 U.S. Dist. LEXIS 51029, at *16-17 (E.D.N.Y. Apr. 17, 2015). Plaintiff's complaint fails to state a fair trial claim/fabrication of evidence claim against Koch because he has not identified any allegedly material fabricated of evidence, and, as such, this claim must be dismissed.

## POINT VII

## THE FAILURE TO INTERVENE CLAIM MUST BE DISMISSED

Plaintiff argues that Scotti failed to intervene (i) to prevent Koch from arresting or prosecuting plaintiff without probable cause, (ii) to prevent the unduly suggestive identification, and (iii) to prevent Koch from committing Brady violations.[10] PBr, at 27. The problems with these theories is that plaintiff's false arrest claim is time barred, the malicious prosecution claim

---

[10] Plaintiff fails to respond to defendants' motion to dismiss this claim against Koch, DBr, at 23-24, and accordingly, it must be dismissed as abandoned. Reid v. Ingerman Smith LLP, 876 F. Supp. 2d at 186.

is supported by probable cause, see Point I, Scotti was not personally involved in or present for the alleged unduly suggestive identification (the photo array), and plaintiff has not alleged a viable Brady violation claim. See Point VIII. As such, the failure to intervene claim against Scotti must be dismissed.

## POINT VIII

## PLAINTIFF HAS FAILED TO PLEAD A BRADY VIOLATION

Plaintiff's complaint does not contain any allegations identifying the alleged Brady material that was not disclosed by Koch.[11] Further, the trial and appellate courts in the underlying criminal case did not find any Brady violations, and apparently plaintiff's criminal defense counsel never even argued that there were any Brady violations.[12] Plaintiff now asserts that Koch failed to disclose information to the ADA relating to the "nature of the photo identification procedures" and the "inconsistencies in the complaining victim's testimony" PBr, at 28, but Koch actually testified as to the details of the photo array at the Wade hearing including the fact that the son translated for the victim, and Koch also testified at the Wade hearing that the son described the perpetrator as a male Hispanic, about 5'6" and 140 pounds, mid-twenties, wearing a black jacket and blue jeans, Sohn Decl, Ex. E, at 28:3-4, 21-24, 29:3-6. Moreover, Det. Koch further testified at the Wade hearing that the victim said the perpetrator had

---

[11] Plaintiff fails to respond to defendants' motion to dismiss the Brady violation claims against Scotti based on PI, DBr, at 25, and accordingly this claim against him must be dismissed as abandoned. Reid v. Ingerman Smith LLP, 876 F. Supp. 2d at 186.

[12] The basis of criminal defense counsel's motion to reopen the Wade hearing was the propriety of the use of the son as a translator for the photo array – not a Brady violation. Likewise, his motion to vacate the conviction rested on the sufficiency of the evidence in light of apparent inconsistencies in the victim's testimony, and not Brady. Similarly, plaintiff's appeals to the Appellate Division and the Court of Appeals in the underlying criminal case were not based on any Brady violations.

held a knife to his throat and removed his property from him.[13]  Sohn Decl, Ex. E., 8:12-14.  The

Court of Appeals, in addressing this inconsistency, held that "the evidence was legally sufficient

to prove defendant's guilt beyond a reasonable doubt" because a jury could find plaintiff's

version credible that the perpetrator had limited use of his arm and that the victim did not tell

Koch that the perpetrator used both of his arms during the robbery.  People v. Delamota, 18

N.Y.3d 107, 117 (N.Y. 2011).

### POINT IX

### PLAINTIFF FAILS TO PLEAD A MONELL CLAIM

Plaintiff opposes defendants' motion[14] to dismiss the Monell claim because the QCDAO

failed to train and supervise its ADA's regarding their Brady obligations.  PBr, at 30-31.  This

claim fails, however, because the complaint fails to adequately allege an underlying Brady

violation.  See, Point VIII, *supra*.  Further, the so-called evidence of the pattern or practice cited

by plaintiff in his opposition is irrelevant to the Monell claim here.  First, plaintiff falsely states

that the QCDAO letter dated, September 14, 2012 (Gross Decl, Ex. B), admits that there are at

least 13 documented cases of misconduct.  PBr, at 32.  But the letter states the contrary – that

there was no misconduct in those cases by ADA's warranting discipline. See Gross Decl., Ex. B.

As such the Monell claim based on misconduct in the QCDAO's office must be dismissed.

---

[13] At trial, the victim's testimony contradicted Koch to the extent that he stated that his assailant had an injured arm and that he told Koch as much.  To the extent that Koch's account of the victim's description contradicted the victim's testimony, Koch's account was favorable for plaintiff because it damaged the credibility of the victim.

[14] Contrary to plaintiff's assertion in their opposition, defendants never asserted that the Monell claim is subject to a heightened pleading standard.  PBr, at 30.  The Monell claim is subject to the same Twombly/Iqbal requirement that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Co. v. Twombly, 550 U.S. 544, 570 (2007).

Plaintiff also opposes defendants' motion because the NYPD had a practice of unconstitutional identification procedures.  PBr, at 32-33.  Plaintiff points to several prior cases, but none of these cases dealt with the use of a civilian or family member as an interpreter at a photo array.  The cases that have found identification procedures to be suggestive due to reasons other than the use of a family member as an interpreter do not establish a policy or custom of the conduct alleged in this case.  Neither does a prior complaint against Koch alleging a claim for failing to use an interpreter sufficiently allege a policy or practice by the City.  See Simms v. City of New York, 480 Fed. Appx. 627, 630 (2d Cir. 2012) (citing to another civil lawsuit does not state a claim for municipal liability because the fact of the lawsuit shows only that the allegation was made, "not that those violations actually occurred").  Accordingly, plaintiff's Monell claim must be dismissed.[15]

---

[15] Plaintiff's request for leave to amend his complaint should be denied on the grounds that it would be futile.  Ellis v. Chao, 336 F.3d 114, 127 (2d Cir. 2003).  Plaintiff has had the benefit of the transcript of the Wade Hearing, the trial transcript, and Detective Koch's investigative file in connection with this motion yet is still unable to allege facts in his opposition sufficient to state a claim against defendants.

## CONCLUSION

For the foregoing reasons, defendants The City of New York, Queens County District Attorney Richard A. Brown, Detective Bruce Koch, and ADA John Scotti respectfully request that the Court grant their motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) in its entirety as it fails to state a cause of action, together with such costs, fees and further relief as the Court deems just and proper.

Dated:      New York, New York
           August 4, 2015

                              ZACHARY W. CARTER
                              Corporation Counsel of the
                               City of New York
                              *Attorney for Defendants City, Richard Brown, and Bruch Koch*
                              100 Church Street, Room 3-147
                              New York, New York 10007
                              (21 2) 356-2354

                              By:    __/s_____
                                      Barry Myrvold
                                      *Senior Counsel*

                              By:     /s_____
                                      Liza Sohn
                                      *Assistant Corporation Counsel*

cc:    <u>VIA ECF</u>
        Richard Gross, Esq.
        Ernestine Mings, Esq.
        Rose Weber, Esq.
        *Attorneys for Plaintiff Stephen Arrington*